# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| **Antonio D. Stewart,** | ) | **CASE NO. 1:21 CV 683** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE PATRICIA A. GAUGHAN** |
| v. | ) | |
| | ) | |
| **Warden Eric Ivey, et al.,** | ) | **Memorandum of Opinion and Order** |
| | ) | |
| **Defendants.** | ) | |

*Pro se* Plaintiff Antonio Stewart, an inmate at Lake Erie Correctional Institution, filed this *in forma pauperis* Complaint under 42 U.S.C. § 1983 against Warden Eric Ivey ("Warden") and the Cuyahoga County Jail ("County Jail") (Doc. No. 1). Plaintiff alleges that while incarcerated at the Cuyahoga County Jail pending criminal charges, he was subjected to numerous "inhumane conditions." Plaintiff asks this Court to award damages.

## BACKGROUND

Plaintiff states that he was housed in the Cuyahoga County Jail from July 27, 2018, to November 12, 2019. (Doc. No. at 3). In his Complaint, Plaintiff objects to numerous alleged conditions in the County Jail, contending that he was "deprived of 'basic human needs', * * * forced to live in inhumane unsafe conditions, and exposed to serious harm." (*Id.*). His Complaint consists of a list of numerous alleged "inhumane conditions," including moldy food trays, outdated food, rat infestation, overcrowding, "busted" pipes, staff neglecting to search for drugs and contraband, and "illegal reco[r]ding of attorney inmate conversations." (*Id.* at 5-6).

## STANDARD OF REVIEW

*Pro se* pleadings are liberally construed. *Boag v. MacDougall*, 454 U.S. 364, 365, 102 S. Ct. 700, 70 L. Ed. 2d 551 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972. The Court, however, is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. A cause of action fails to state a claim upon which relief may be granted when it lacks plausibility in the complaint. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).

A pleading must contain a short and plain statement of the claim showing that the pleader is entitled to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Twombly*, 550 U.S. at 555. The plaintiff is not required to include detailed factual allegations, but he or she must provide more than "an unadorned, the-Defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.*

In reviewing a complaint, the Court must construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998). The

Court, however, is not required to conjure unpleaded facts or construct claims against defendants on behalf of a *pro se* plaintiff. *See Grinter v. Knight*, 532 F.3d 567, 577 (6th Cir. 2008) (citation omitted); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277-78 (4th Cir. 1985).

## DISCUSSION

Plaintiff brings this action pursuant to 42 U.S.C. § 1983, alleging he has been subjected to inhumane conditions in the jail. To state a claim under § 1983, Plaintiff must allege that a person acting under state law deprived him of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535, 101 S. Ct. 1908, 68 L. Ed. 2d 420 (1981). Although Plaintiff generically alleges a "civil rights claim," this Court liberally construes Plaintiff's contentions of inhumane conditions as a complaint that Defendants subjected Plaintiff to cruel and unusual punishment in violation of the Eighth Amendment.

To hold an individual defendant liable under § 1983, a plaintiff must allege "personal involvement" in the alleged unconstitutional conduct. *See Grinter*, 532 F.3d at 575 (personal involvement is required in order to incur liability under § 1983). It is a basic pleading requirement that a plaintiff must attribute specific factual allegations to particular defendants. *Twombly*, 550 U.S. at 555 (holding that, in order to state a claim, a plaintiff must make sufficient allegations to give a defendant fair notice of the claim).

As an initial matter, the Court notes that the defendant Cuyahoga County Jail is not *sui juris*, meaning it is not capable of suing or being sued for purposes of § 1983. *See Gerald v. Akron Bar Assn.*, N.D.Ohio No. 5: 18 CV 414, 2018 U.S. Dist. LEXIS 99981, at *5 (June 14, 2018) (finding the Summit County jail is not *sui juris* and, therefore, lacks the capacity to be sued); *Jackson v. Mowry*, No. 1:12 CV 3083, 2013 U.S. Dist. LEXIS 18056, at *7 (N.D. Ohio

Feb. 11, 2013); *Boggs v. Miami Cty. Jail*, No. 3:11 CV 00122, 2011 U.S. Dist. LEXIS 96486, at *4 (S.D. Ohio Aug. 9, 2011) (a county jail "is merely an administrative vehicle" by which a county operates and therefore "lacks the capacity to be sued"), report and recommendation adopted, No. 3:11 CV 00122, 2011 U.S. Dist. LEXIS 96483 (S.D. Ohio Aug. 29, 2011).

Even if the Court liberally construes Plaintiff's Complaint against the county, however, Plaintiff's claim fails. As a rule, local governments may not be sued under 42 U.S.C. § 1983 for an injury inflicted solely by employees or agents under a *respondeat superior* theory of liability. *See Monell v. Department of Soc. Servs.*, 436 U.S. 658, 691, 98 S. Ct. 2018, 56 L. Ed. 2d 611(1978). Rather, county liability is limited to situations in which the deprivation of constitutional rights results from an official policy or custom of the county. *Id. Monell* and its progeny require that (1) a municipality be held liable only "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury," *Monell*, 436 U.S. at 694, and (2) there be an "affirmative link between the policy and the particular constitutional violation alleged," *Oklahoma City v. Tuttle*, 471 U.S. 808, 823, 105 S. Ct. 2427, 85 L. Ed. 2d 791 (1985). *See Petty v. Cty. of Franklin*, 478 F.3d 341, 347 (6th Cir.2007).

Therefore, counties and other bodies of local government may be sued pursuant to 42 U.S.C. § 1983 if they are "alleged to have caused a constitutional tort through 'a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers.'" *City of St. Louis v. Praprotnik*, 485 U.S. 112, 121, 108 S. Ct. 915, 99 L. Ed. 2d 107 (1988) (quoting *Monell*, 436 U.S. at 690.) And the United States Court of Appeals for the Sixth Circuit has held that a plaintiff may show the existence of a policy or custom leading to the

alleged violation by identifying the following: "'(1) the municipality's legislative enactments or official policies; (2) actions taken by officials with final decision-making authority; (3) a policy of inadequate training or supervision; or (4) a custom of tolerance or acquiescence of federal violations.'" *Winkler v. Madison Cty.*, 893 F.3d 877, 901 (6th Cir. 2018) (quoting *Baynes v. Cleland*, 799 F.3d 600, 621 (6th Cir. 2015)).

Here, Plaintiff has not pleaded any facts concerning a county policy or custom that may have caused a constitutional deprivation. He, therefore, fails to state a plausible claim against the county.

Moreover, Plaintiff cannot establish the liability of any defendant absent a clear showing that the defendant was personally involved in the activities which form the basis of the alleged unconstitutional behavior. *Rizzo v. Goode*, 423 U.S. 362, 371, 96 S. Ct. 598, 46 L. Ed. 2d 561 (1976); *Mullins v. Hainesworth*, No. 95-3186, 1995 U.S. App. LEXIS 36082, 1995 WL 559381 (6th Cir. Sept. 20, 1995). "Because vicarious liability is inapplicable to. . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. And where individuals are merely named as defendants in a civil rights action without supporting allegations of specific conduct in the body of the complaint, the complaint is subject to dismissal even under the liberal construction afforded to *pro se* plaintiffs. *See Gilmore v. Corr. Corp. of Am.*, 92 F. App'x 188, 190 (6th Cir. 2004) ("Merely listing names in the caption of the complaint and alleging constitutional violations in the body of the complaint is not enough to sustain recovery under §1983"); *Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (affirming dismissal of complaint that did not allege with any degree of specificity which of the named defendants were

personally involved in or responsible for each alleged violation of federal rights).

Here, Plaintiff does not set forth allegations specifically connecting Defendant Warden to the unconstitutional conditions or misconduct he alleges. Rather, Plaintiff's Complaint consists of a list of alleged inhumane conditions along with the conclusory statement that "Defendants" caused him to suffer emotional distress by engaging in the listed conduct. Plaintiff, therefore, fails to state a plausible civil rights claim upon which relief may be granted.

## **CONCLUSION**

Accordingly, Plaintiff's Complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

/s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge
Chief Judge

Dated: 7/21/21